Dear Mr. Rozas:
You have requested an opinion of the Attorney General in your capacity as legal advisor to the Evangeline Parish Police Jury (Police Jury). You state that the Police Jury wishes to impose a transportation user fee in accordance with R.S. 33:4161, et seq. Section 4163 empowers the Police Jury to establish service charges or fees in this regard without the necessity for an election. Nevertheless, the Police Jury desires to call a referendum to determine whether or not the fee would be acceptable to the electorate. You ask whether this is legally permissible.
This issue has previously been addressed in the case of St.John the Baptist Parish Association of Educators v.James H. Brown, et al, 465 So.2d 674 (La. 1985). The issue before the Court was whether a school board had the authority to call a referendum election in the parish to determine whether it should recognize a teacher's union for purposes of collective bargaining. In finding that it did not, the Court held:
 "[1] The Attorney General's argument that a school board does not possess the requisite power to call a referendum of its electorate is more persuasive.
 No provision in the election code today (nor in 18:1299 before its amendment) gave the power to a school board to call a referendum election, nor does any other statute or constitution.
* * *
 This court has recognized the power of the state legislature to authorize parish or municipal wide referenda on issues of purely local interest, such as taxation for local purposes and alcoholic beverage control . . . .
 But that the legislature possesses the requisite authority to call such a local election does not mean that a parish school board is clothed with a similar grant of power.
* * *
 [2] A parish school board, on the other hand, does not draw such plenary power either from the Constitution which created it or from the statute which defines its duties and obligations. A school board, with narrowly and specifically defined powers, lacks both statutory and constitutional authority to refer a decision to its electorate.
 The St. John the Baptist Parish School Board has the authority, with or without popular approval, to bargain collectively with its teachers . . . . However, we can find no source of power, specific or implied, which authorizes it to call a referendum election."
This office has been unable to locate any statutory, constitutional, or home rule charter authority which would enable the Police Jury to call a referendum election on the transportation user fee. Pursuant to our telephone conversation, you have advised that you are unaware of any such authority. In the absence of this authority, it is the opinion of this office that the Police Jury is not empowered to call a referendum election to determine whether or not it should impose a transportation use tax or user fee.
Parenthetically, and as further discussed, care should be taken that the user fee be structured so as not to constitute an unconstitutional tax.
Trusting this answers your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/bb
0397R
Mr. A. Bruce Rozas First Assistant District Attorney Parish of Evangeline P.O. Drawer 280 Mamou, LA 70554
Date Received: 08-24-94
Date Released:
ROBERT E. HARROUN, III Asst. Attorney General